IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOHN A. CAMPBELL,<br><br>Plaintiff,<br><br>vs.<br><br>TOWNSHIP OF BRICK, NEW JERSEY,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SERVICE OF PROCESS; DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF AN ATTORNEY AND DISMISSING COMPLAINT AS FRIVOLOUS<br><br>Case No. 2:06-CV-802 TS |

    This matter is before the Court for review of the Complaint. Plaintiff John Campbell (Campbell) is proceeding pro se and *in forma pauperis*. He moves for official service of process[1] and to appoint counsel.[2] Because Campbell was granted permission to proceed

---

[1] Docket No. 5.

[2] Docket No. 4.

1

*in forma pauperis*, the provisions of the *in forma pauperis* statute, § 1915,[3] are applicable. Under §1915 the Court shall, at any time, *sua sponte* dismiss the case if the Court determines that the Complaint is frivolous or fails to state a claim upon which relief may be granted.[4] A claim is frivolous if it "lacks an arguable basis either in law or in fact."[5]

Because Campbell proceeds pro se, the Court must construe his pleadings liberally and hold his submissions to a less stringent standard than formal pleadings drafted by lawyers.[6] This means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[7] No special legal training is required to recount facts surrounding an alleged injury, and pro se litigants must allege sufficient facts on which a recognized legal claim could be based.[8]

A pro se plaintiff "whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint."[9] Thus, "pro se litigants are to be given reasonable opportunity to

---

[3] 28 U.S.C. § 1915.

[4] 28 U.S.C. § 1915(e)(2).

[5] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[6] *Id*.

[7] *Id*.

[8] *Id*.

[9] *Id*. (citing *Reynoldson v. Shillinger*, 907 F.2d 124, 126-27 (10th Cir. 1990)).

remedy the defects in their pleadings,"[10] and the Court should dismiss the claim "only where it is obvious that he cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[11]

Construing the Complaint in accord with these principles, the Court finds that it is frivolous. Although Plaintiff uses the pre-printed Civil Rights Complaint form available for individuals proceeding pro se, the form is largely blank and most sections have a line drawn through them.[12] The blanks include the spaces provided for pro se litigants to list their causes of action and the answer to the question: "Was the defendant acting under the authority or color of state law at the time these claims occurred?" Thus, Plaintiff lists no causes of action and no state actor. He does allege that an unnamed person stole his property at an unspecified time and place. He also alleges that a person in a nursing home located in the state of New Jersey is not his mother.

The Court finds that the Complaint "lacks an arguable basis either in law or in fact."[13] Further, the Court notes that even if the Complaint were not frivolous, the District of Utah would not be the correct place to file a civil rights case based upon events that allegedly

---

[10] *Id.* at 1110 n. 3.

[11] *Perkins v. Kan. Dept. of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

[12] Docket No. 3, Complaint.

[13] *Neitzke*, 490 U.S. at 325.

occurred in the state of New Jersey and that involves a defendant located in the state of New Jersey.[14]  It is therefore

ORDERED that Plaintiff's Motion for Service of Process (Docket No. 5) is DENIED. It is further

ORDERED that Plaintiff's Motion for Appointment of Counsel (Docket No. 4) is DENIED.  It is further

ORDERED that pursuant to 28 U.S.C. § 1915, the Complaint is DISMISSED as frivolous.  The clerk of court is directed to close this case.

September 25, 2006.

                        BY THE COURT:

                        _____
                        Ted Stewart
                        United States District Judge

---

[14] *See Campbell v. City of Atlantic City*, Case No. 2:06-CV-784 TS, Docket No. 4 (Memorandum Decision and Order Dismissing Complaint for Improper Venue).